Per Curiam.
An examination of the affidavits in this case shows that the defendant seems to have made false representations in regard to his financial condition and that he succeeded in obtaining goods from the plaintiffs upon the faith of such false representations. But there is no evidence that the defendant has disposed of or secreted 'any part of his property for the purpose of defrauding his creditors, which is necessary to be shown to justify the issuance of an attachment. There must be some evidence tending to show this unlawful disposition of the property of the defendant before the court can acquire jurisdiction to issue this provisional remedy. The fact that he has committed another and different fraud cannot of itself justify the interposition of the court.
., These cases seem to be substantially the same as that of Fleitmann v. Sickle (13 N. Y. State Rep., 399), already decided by this general term.
The , orders appealed from should be reversed and the attachments vacated, with ten dollars in one case, and the disbursements of this appeal.